**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| GWEN BERGMAN, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:07-CV-373-Y |
| § | | |
| W. ELAINE CHAPMAN, Warden,[1] § | | |
| FMC-Carswell, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a purported petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

B. PARTIES

Petitioner Gwen Bergman, Reg. 32578-013, is a federal prisoner who is incarcerated in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent W. Elaine Chapman is Warden of FMC-Carswell.

---

[1] Ginny Van Buren was replaced by W. Elaine Chapman as Warden of FMC-Carswell. Thus, Chapman should be automatically substituted as a party. FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of Respondent accordingly.

C. PROCEDURAL HISTORY

Bergman is a pretrial detainee in ongoing criminal proceedings in cause number 1:04-CR-180-WDM in the United States District Court for the District of Colorado. *See* CM/ECF, Criminal Docket for Case #1:04-CR-180-WDM. Bergman was transferred and hospitalized at FMC-Carswell to determine whether she was competent to stand trial. (Resp't Appendix at 27.) She filed this petition on June 25, 2007, seeking an injunction against administering forcible medication at FMC-Carswell. Due to Bergman's refusal to voluntarily take medication, the government filed a motion to authorize involuntary administration of psychotropic medication. *Id.*, docket entry # 235. Bergman appeared with counsel in the Colorado court on October 23, 2007, for a hearing on the government's motion, which was withdrawn in light of the Bureau of Prisons's findings that Bergman is competent to proceed to trial. *Id.*, docket entry # 268. Apparently, Bergman is "in transit" back to FMC-Carswell to await trial in May. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, *available at* http://www.bop.gov (reflecting that Bergman is currently "in transit").

D. DISCUSSION

The government has withdrawn its motion for involuntary administration of psychotropic medication, and it does not appear Bergman is currently under threat of forced administration of such medication. Thus, Bergman's petition does not continue to present a live case or controversy and is rendered moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

## II. RECOMMENDATION

Bergman's petition for writ of habeas corpus should be DENIED as moot.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 14, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 14, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 24, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE